**1**

METALLIC SHAFT COMPANY, Plaintiff Appellant, v. HORTON MANUFACTRING COMPANY, Defendant Appellee. (Circuit Court of Appeals, Second Circuit. March 16, 1925.) No. 260. Appeal from the District Court of the United States for the District of Connecticut. Appeal from decree in equity entered in the District Court for the District of Connecticut. William G. McKnight, of New York City, for appellant. Melville Church, of Washington, D. C., for appellee. Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decree (300 F. 468) affirmed, with costs.

---

**2**

PENNSYLVANIA CEMENT COMPANY, Plaintiff, v. BRADLEY CONTRACTING COMPANY, Defendant, and Ernest O. Moore, Appellant. (Circuit Court of Appeals, Second Circuit. March 20, 1925.) No. 8. Appeal from the District Court of the United States for the Southern District of New York. Wood, Cooke & Seitz, of New York City (Howard O. Wood, of New York City, of counsel), for appellant. Leo Oppenheimer, of New York City, for defendant appellee. Before ROGERS, MANTON, and HAND, Circuit Judges.

PER CURIAM. Order affirmed. A reargument of this case was granted, and at its conclusion the order was again affirmed.

---

**3**

In the Matter of ROTH, BAITZ & LIPSITZ CO., Inc., Bankrupt; Sherman & Weinstein, Appellants. (Circuit Court of Appeals, Second Circuit. April 6, 1925.) No. 250. Appeal from the District Court of the United States for the Southern District of New York. An order was entered affirming the order of the referee allowing the claim of Harry Rubin against the bankrupt and dismissing objections. Sherman & Weinstein, creditors, appeal. Affirmed. Samuel S. Breslin, of New York City, for plaintiffs in error. Mayer C. Goldman, of New York City, for defendant in error. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The proof of claim filed against the bankrupt was for $669.29, and the invoice attached thereto was made out against the Joseph Roth Manufacturing Company. Later an amended proof of claim was filed, and the invoice attached thereto was made out against the bankrupt. Both the original and the amended proofs of claim recite that the bankrupt was, at and before the filing of the petition in bankruptcy, indebted to the claimant in the said sum. The form and substance of both proofs of claim were substantially identical and the only difference being in the invoice attached, as stated. Objections were filed by appellants, and the referee permitted the amended proof of claim to stand, and ruled that the burden of proof was upon the objectors, and that they had not sustained such burden in establishing the claim that the goods were sold to some one other than the bankrupt. Joseph Roth was the president of the bankrupt. Sherman, one of the objecting creditors, was also an officer. Roth was the president of the company during the period the goods were sold and delivered. Prior to the incorporation of the bankrupt, Roth did business under the trade name of Joseph Roth Manufacturing Company. He was engaged in business on his own account under such name when the merchandise was purchased. After Roth became president of the bankrupt, the evidence shows he did not buy for his own account any merchandise from the claimant. Roth carried on his personal business only about three months after the incorporation, and this was prior to the delivery of the goods purchased from Rubin. There was a sign reading "Joseph Roth Mfg. Co., Department of Roth, Baitz & Lipsitz," on the factory of the bankrupt at 88 University Place, and business cards showing that the Joseph Roth Manufacturing Company was a department of Roth, Baitz & Lipsitz were printed and used by the bankrupt. The receipt signed for the merchandise delivered was signed by an employé of the bankrupt, and it was shipped to it at its factory No. 88 University Place. Payments on account were made by the bankrupt's checks, and it also appears that in the past, although some goods were billed to Joseph Roth Manufacturing Company, they were paid for by the bankrupt. The lease of the building was in the name of the bankrupt, and the rent therefor was paid by it. We are satisfied that the sale of the goods in question was made to the bankrupt, and not to Roth individually. We approve the findings of the District Court in this conclusion. Order affirmed.

---

**4**

Delancy T. SMITH, doing business under the name and style of D. T. Smith & Co., Plaintiff Appellant, v. Ernest R. RATCLIFF, Defendant Respondent. (Circuit Court of Appeals, Second Circuit. March 20, 1925.) No. 279. Appeal from the District Court of the United States for the Southern District of New York. Bouvier, Caffey & Beale, of New York City (Phelan Beale, Julian B. Shope, and B. F. Norris, all of New York City, of counsel), for appellant. Platt, Field & Taylor, of New York City (Martin Taylor and Eli J. Blair, both of New York City, and H. C. Walker, Jr., Shreveport, La., of counsel), for respondent. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.